IN THE UNITED STATES DISTRICT COURT
                         FOR THE DISTRICT OF MARYLAND

GLENELG COUNTY SCHOOL            :
                                 :
v.                               :   Civil No. WMN-05-2612
                                 :
U.S. FOODSERVICE, INC., et. al.  :
                                 :
                                 :

                                **MEMORANDUM**

Before the Court is a Motion to Dismiss the Amended Complaint filed by Defendant U.S. Foodservice, Inc. (U.S. Food). Paper No. 8.  The motion is ripe for decision.  Upon a review of the pleadings and applicable case law, the Court determines that no hearing is necessary (Local Rule 105.6) and that U.S. Food's motion will be granted.

**I.  FACTUAL AND PROCEDURAL BACKGROUND**

The present action arises out of an alleged failure to pay on an alleged pledge commitment made on behalf of U.S. Food to Plaintiff Glenelg Country School (Glenelg).  Am. Compl. ¶¶ 8, 11, 18.  On September 20, 2005, Glenelg filed suit against U.S. Food for detrimental reliance and against the parent corporation of U.S. Food, Defendant Koninklijke Ahold N.V. (Royal Ahold), alleging that Royal Ahold was liable for the alleged pledge under a respondeat superior theory.

On October 11, 2005, U.S. Food filed a motion to dismiss the complaint under Rule 12(b)(1) of the Federal Rules of Civil Procedure for lack of subject matter jurisdiction in that there

was not complete diversity of citizenship between Plaintiff and Defendants.  Paper No. 4.  Glenelg is a non-profit, independent school located in Maryland.  Am. Compl. ¶ 1.  The initial Complaint described U.S. Food as a Delaware corporation with its principle place of business located in Columbia, Maryland.  Compl. ¶ 2.  Royal Ahold is an international food provider incorporated under the laws of The Netherlands.  Am. Compl. ¶ 3.

Glenelg filed an Amended Complaint on October 28, 2005, in which it alleged that U.S. Food had a "corporate office in Columbia, Maryland, officers worldwide, and significant business operations and tangible assets across the United States."  Id. ¶ 2.  In the Amended Complaint, Glenelg added an additional count against U.S. Food for tortious interference with economic relations.

In the motion presently before the Court, filed on November 7, 2005, U.S. Food moves to dismiss the Amended Complaint for lack of subject matter jurisdiction alleging that complete diversity is lacking.  U.S. Food also moves to dismiss the recently added count of tortious interference with economic relations under Rule 12(b)(6) of the Federal Rules of Civil Procedure.[1]

## II.  DISCUSSION

---

[1] Because the Court finds that subject matter jurisdiction is lacking the request to dismiss the count of tortious interference with economic relations is deemed moot.

A motion to dismiss for lack of subject matter jurisdiction made pursuant to Rule 12(b)(1) "may attack the complaint on its face, in that the complaint fails to allege facts upon which the court can base jurisdiction, or it may attack the truth of the underlying jurisdictional allegations contained in the complaint." Crosten v. Kamauf, 932 F. Supp. 676, 679 (D. Md. 1996). The party asserting subject matter jurisdiction has the burden to allege and prove jurisdiction. Id. (citing Adams v. Bain, 697 F.2d 1213, 1219 (4th Cir. 1982).

28 U.S.C. § 1332(a), in relevant part, grants district courts jurisdiction over civil actions where the matter in controversy exceeds $75,000 and is between (1) citizens of different states or (2) citizens of a State and citizens or subjects of a foreign state. The statute requires complete diversity so that federal jurisdiction is lacking if there are any litigants from the same state on opposing sides of the litigation. Dewhurst v. Telenor Invest A.S., 83 F. Supp. 2d 577, 596 (D. Md. 2000) (citing Strawbridge v. Curtiss, 7 U.S. 267, 267 (1806)).

For diversity purposes, a corporation is deemed a citizen of any state in which it is incorporated or has its principal place of business. § 1332(c)(1). Two different tests can be used to determine the "principal place of business" of a corporation. Long v. Silver, 248 F.3d 309, 314 (4th Cir. 2001). "One approach

makes the home office, or place whether the corporation's officers direct, control, and coordinate its activities, determinative.  The other looks to the place where the bulk of corporate activity takes place." Id. (citing Mullins v. Beatrice Pocahontas Corp., 489 F.2d 260, 262 (4th Cir. 1974) (per curiam)).

"[W]hen jurisdiction depends on citizenship, citizenship must be distinctly and affirmatively alleged." Getty Oil Corp. v. Insurance Co. of North America, 841 F.2d 1254, 1259 (5th Cir. 1988) (internal quotation marks omitted).  "In cases involving corporations, allegations of citizenship must set forth the state of incorporation as well as the principal place of business of each corporation." Id.

Glenelg claims that U.S. Food has "a corporate office in Columbia, Maryland, officers worldwide, and significant business operations and tangible assets across the United States."  Am. Compl. ¶ 2.  Glenelg contends that "these allegations show that [U.S. Food's] principal place of business is plainly not in Maryland."  Opp'n 3.  Glenelg cites to various facts on U.S. Food's website that illustrate U.S. Food's national presence and argues that there is a legitimate question of fact concerning the location of U.S. Food's principal place of business.  Id. 4.  Glenelg, however, offers no suggestions as to what state other than Maryland may be considered U.S. Food's principal place of

4

business and, therefore, fails to sufficiently allege the citizenship of U.S. Food.[2]  See Getty Oil Corp., 841 F.2d at 531-34 (finding that the defendants did not sufficiently allege the citizenship of one of the plaintiffs, Companies Collective, where defendants named the states where Companies Collective did not have their principal place of business).

U.S. Food's website gives multiple indications that Maryland is indeed its principal place of business: (1) a list of approximately 100 distribution facilities labels only one office "corporate" - the Maryland office (Reply Ex. 1); (2) the characterization of the Columbia, Maryland office describes it as "Corporate Headquarters" (Reply Ex. 2); and (3) the "company overview" webpage describing U.S. Food's operations explains that "[o]ur corporate office is strategically positioned between Washington D.C. and Baltimore, Maryland, in one of the fastest growing business corridors in the country - Columbia, Maryland." (Opp'n Ex. 1).  Despite this information, Glenelg maintains that there is a factual dispute concerning the state where U.S. Food conducts most of its business operations.  Opp'n 6.  Even though there may be corporate officers and distribution centers located throughout the country, it is clear that the corporate

---

[2] Glenelg suggests that jurisdictional discovery may be appropriate if the Court finds that the Amended Complaint does not allege sufficient jurisdictional facts.  Opp'n 6.  Discovery is not warranted here, because it is clear that Maryland is U.S. Food's principal place of business.

5

headquarters is located in Maryland.  Under either test used to determine a corporation's principal place of business it is clear that the location of U.S. Food's only corporate headquarters in Maryland makes Maryland U.S. Food's principal place of business.  Thus, complete diversity is lacking.

## IV.  CONCLUSION

For these reasons, Defendant's motion to dismiss the amended complaint for lack of subject matter jurisdiction will be granted.  A separate order consistent with the reasoning of this Memorandum will follow.

                                        /s/

                                William M. Nickerson
                                Senior United States District Judge

Dated: January 11, 2006

6